IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Tyrone Owens,     )
    )
         Plaintiff,     )
    )
    )    No.    01 C 6579
v.     )
    )    Judge Holderman
Correctional Officers of the Cook County     )
Department of Corrections, Acevedo,     )
Vernell Timms, Gray, Lawrence Walker,     )
James Collins, Frederick Burton, all in     )
their individual capacities,     )
    )
    )
         Defendants.     )

**DOCKETED**

**DEC 2 6 2001**

## AMENDED COMPLAINT

This is an action to recover damages that Owens suffered at the defendants' hands when they, by their various acts described below, deprived him of his rights as guaranteed by the United States Constitution. Tyrone Owens seeks the relief from the above-named defendants and states the following for his complaint:

PARTIES

1.      Owens is currently incarcerated at the Big Muddy River Correctional Center, 251 N. Illinois Hwy. 37, Ina, Illinois 62846. For the entire time of the events detailed in this complaint, Owens was a pre-trial detainee at the Cook County Jail.

2.      Defendants Acevedo, Vernell Timms, Gray, Lawrence Walker, James Collins and Frederick Burton are correctional officers who were employed by the Cook County Department of Corrections during Owens' tenure there. The defendants are all residents of Cook County.

3.      Owens complains against the defendants in their individual capacities.



JURISDICTION

4.      This Court has subject matter jurisdiction as provided in 28 U.S.C. § 1331, because the causes of action described in this complaint arise under the United States Constitution.

VENUE

5.      Venue is proper in the Northern District of Illinois because the events about which Owens complains occurred in Cook County, Illinois.

BACKGROUND

6.      The events about which Owens complains and for which he seeks relief all occurred before he was convicted in late September or early October 2001.

7.      Owens was arrested on August 23, 2000. The next day, Owens was incarcerated by the Cook County Department of Corrections and detained in the Cook County Jail. Owens was detained in various divisions of the Cook County Jail until his transfer to Big Muddy River.

8.      While detained at the Cook County Jail, Owens was repeatedly subjected to verbal and physical abuse by correctional officers and inmates, who often conspired with correctional officers to carry out their abuse. Additionally, Owens was intentionally and maliciously subjected to conditions of confinement that fell far below the minimum civilized measure of life's necessities.

**Count 1**
**Section 1983 – 14th Amendment**
**(Defendant Acevedo)**

9.      Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

10.      In mid-October 2000, Owens was housed in an area of the Cook County Jail where detainees slept in dormitory-style sleeping arrangement. Thirty or more men slept and congregated in the same room throughout the day and at night.

Doc. No.: 758950

11.　On one particular day in October, on or about October 17, 2000, several detainees attacked a correctional officer who was on duty. Owens attempted to assist the officer and verbally discouraged the inmates from attacking the officer.

12.　Sometime during the attack, other correctional officers were called to the dormitory area and the inmates were stopped from beating the correctional officer further.

13.　Later that evening, sometime before midnight, Correctional Officer Acevedo was assigned to watch over the dormitory in which Owens was housed and in which the officer had been attacked earlier. Instead of watching over the dormitory, Acevedo was playing billiards in an area separate from the dormitory area and where he could not even see the inmates.

14.　While Acevedo was away from his post, several inmates attacked Owens, beating him repeatedly, sometimes with canes or other objects used as weapons.

15.　Acevedo knew of, or was deliberately indifferent to the risk that the inmates would harm Owens when they were left unattended.

16.　As a result of Acevedo's deliberate indifference to the substantial risk of severe harm, Owens suffered serious mental and physical injuries, including being confined to a wheelchair, and requiring surgeries to his head and face.

17.　When Acevedo disregarded the substantial risk of serious harm to Owens, he did so under color of law.

**Count 2**
**Section 1983 – 14th Amendment**
**(Defendant Timms)**

18.　Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

19.　In November 2000, Owens was recovering from the injuries that he sustained from the October beating and awaiting corrective surgery in Cermak Hospital. Owens was

assigned to a private room that was normally locked. Defendant Correctional Office Timms opened the hospital door and within minutes, inmates entered his room and beat Owens.

20. Timms intended to expose Owens to, knew of, or was deliberately indifferent to, the risk that the inmates would enter Owens' cell and harm him when he unlocked the cell.

21. As a result of Timms' deliberate indifference to the risk of severe harm, Owens suffered severe mental and physical injuries.

22. In deliberately ignoring the risk that others would harm Owens when he left Owens' cell door unlocked, Timms did so under color of law.

### Count 3
### Section 1983 –14th Amendment Conspiracy
### (Defendant Timms)

23. Owens re-alleges paragraphs 18 through 22 as if fully set forth in this paragraph.

24. Defendant Correctional Officer Timms agreed to let certain inmates into Owens' hospital room to attack Owens.

25. As a result of this conspiracy and the beatings in furtherance of the conspiracy, Owens suffered severe mental and physical injuries.

26. The conduct in furtherance of Timms' conspiracy was excessive and unnecessary force under the circumstances. The force used against Owens in furtherance of the conspiracy was intentional, malicious and sadistic, and inflicted for the purpose of causing him harm. Timms caused Owens harm without justification and for no penological purpose.

27. In harming Owens, and agreeing that others would harm Owens, Timms did so under color of law.

### Count 4
### Section 1983 – 14th Amendment
### (Defendant Walker)

28. Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

Doc. No.: 758950

29.     In late February 2001, Owens was travelling in his wheelchair to obtain medicine at the dispensary.

30.     On his way, Defendant Correctional Officer Walker verbally threatened Owens. Walker also pulled Owens' wheelchair, and flung it into a door.

31.     As a result of Walker flinging Owens' wheelchair into the door, Owens suffered physical and mental injuries.

32.     Walker's conduct constituted excessive and unnecessary force under the circumstances. Walker used force against Owens intentionally, maliciously and sadistically, for the purpose of causing him harm. Walker caused Owens harm without justification and for no penological purpose.

33.     In harming Owens, Walker did so under color of law.

## Count 5
### Section 1983 – 14th Amendment
### (Defendant Walker)

34.     Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

35.     Sometime in September 2001, Defendant Correctional Officer Walker implied to an inmate named John Larry that if he harmed Owens, Walker would not stop him, report him, or punish him.

36.     Larry lured Owens into a clothing room by telling Owens that he needed to sign for some property stored there. When Owens entered the room, Larry spun him around, causing Owens to fall out of his wheelchair and then Larry kicked Owens in the stomach several times.

37.     By implying that Larry would not face repercussions if he attacked Owens, Walker exposed Owens to, knew of, or was deliberately indifferent to the risk that the inmates would harm Owens.

Doc. No.: 758950

38.     As a result of Walker's deliberate indifference to the risk of severe harm, Owens suffered severe mental and physical injuries.

39.     In deliberately ignoring the risk that others would harm Owens, Walker did so under color of law.

### Count 6
### Section 1983 – Conspiracy 14th Amendment
### (Defendant Walker)

40.     Owens re-alleges paragraphs 35 through 39 as if fully set forth in this paragraph.

41.     Walker agreed with Larry that Larry would take actions to injure Owens.

42.     In furtherance of this agreement, Larry lured Owens into a clothing room by telling Owens that he needed to sign for some property stored there.  When Owens entered the room, Larry spun him around, causing Owens to fall out of his wheelchair and then Larry kicked Owens in the stomach.

43.     As a result of this conspiracy and the acts in furtherance of it, Owens suffered physical and metal injuries.

44.     The conduct in furtherance of Walker's conspiracy constituted excessive and unnecessary force under the circumstances. The force used against Owens in furtherance of the conspiracy was intentional, malicious and sadistic, and inflicted for the purpose of causing him harm. Walker caused Owens harm without justification and for no penological purpose.

45.     In agreeing that others would harm Owens, Walker did so under color of law.

### Count 7
### Section 1983 – 8th Amendment
### (Defendant Gray)

46.     Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

47. In late April 2001, Owens was on his way from physical therapy. While leaving, his coat fell from his wheelchair. When it fell, Defendant Correctional Officer Gray picked the coat up and threw it at Owens in his face. Owens threw the coat back to Gray.

48. When Gray got the coat back, he put it over Owens' head and pushed Owens' wheelchair into a door. When the Owens and the wheelchair hit the door, the wheelchair flipped over and Owens' was tossed from the chair.

49. As a result of Gray pushing Owens' wheelchair into a desk and being flipped over and out of the wheelchair, Owens suffered physical and mental injuries.

50. Gray's conduct constituted excessive and unnecessary force under the circumstances. Gray used force against Owens intentionally, maliciously and sadistically, for the purpose of causing him harm. Gary caused Owens harm without justification and for no penological purpose.

51. In harming Owens or agreeing that others would harm Owens, Gray did so under color of law.

### Count 8
### Section 1983 – 14th Amendment
### (Defendant Collins)

52. Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

53. Sometime in the first half of 2001, while Owens was being held while Owens was being held in a cell on the Tuberculosis Unit, his cell door was normally locked.

54. On one particular day, Collins left the cell door unlocked and open. Within minutes of leaving Owen's unlocked and open cell door, several inmates entered Owens' cell and beat him.

55. On another occasion, when Collins left the cell door open and unlocked, the inmates threw dirty mop water on Owens.

Doc. No.: 758950

56.    On still other occasions, Collins himself hit Owens causing him injury.

57.    Collins intended to expose Owens to, knew of, or was deliberately indifferent to the risk that the inmates would enter Owens' cell and harm him when he unlocked the cell.

58.    Collins' conduct constituted excessive and unnecessary force under the circumstances. Collins used force against Owens intentionally, maliciously and sadistically, for the purpose of causing him harm. Collins caused Owens harm without justification and for no penological purpose.

59.    As a result of Collins' deliberate indifference to the risk of severe harm, Owens suffered mental and physical injuries.

60.    In deliberately ignoring the risk that others would harm Owens when he left Owens' cell door unlocked, Collins did so under color of law.

### Count 9
### Section 1983 –14th Amendment Conspiracy
### (Defendant Collins)

61.    Owens re-alleges paragraphs 53 through 60 as if fully set forth in this paragraph.

62.    Collins agreed to let certain inmates into Owens' cell with the intent that they would attack Owens.

63.    As a result of this conspiracy and the beatings in furtherance of the conspiracy, Owens suffered severe mental and physical injuries.

64.    Collins' conduct and the conduct of his co-conspirators in furtherance of the conspiracy constituted excessive and unnecessary force under the circumstances. The force used against Owens in furtherance of the conspiracy was intentional, malicious and sadistic, and inflicted for the purpose of causing him harm. Collins caused Owens harm without justification and for no penological purpose.

65.     In harming Owens or agreeing that others would harm Owens, Collins did so under color of law.

### Count 10
### Section 1983 – 14th Amendment Conditions of Confinement
### (Defendant Collins)

66.     Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

67.     In the first half of 2001, Owens was being held in a cell on the Tuberculosis Unit. Owens was held in that unit for approximately five and a half months.

68.     While in the TB Unit, Owens was supposed to receive three meals a day. More than thirty times, though, Collins denied Owens his lunch meal.

69.     Also, Owens was ordinarily allowed one hour outside of his cell each day. Collins, though, repeatedly kept Owens locked in his cell for days without letting him out.

70.     Owens was also confined to a cell without facilities that allowed him to shower either due to inaccessibility for his wheelchair or because the water in his cell had been turned off. For at least twenty-two days, Owens was denied the ability to shower and clean himself.

71.     As a result of these conditions, Owens was seriously deprived of several basic human needs.

72.     Collins' deprived Owens of basic human needs intentionally, maliciously and sadistically, for the purpose of causing him harm. Collins caused Owens harm without justification and for no penological purpose.

73.     In harming Owens, Collins did so under color of law.

### Count 11
### Section 1983 – 14th Amendment
### (Defendant Burton)

74.     Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

75.     In early August 2001, Owens was speaking with correctional officers about his lawsuit and inquiring about the possibility of proceeding on his civil-rights suit, *in forma pauperis*. While talking to that officer, Defendant Correctional Officer Burton interjected in a harassing manner and told Owens that he would take care of things for him.

76.     Owens left the area in which he had been speaking to the officer and returned to the dormitory because he did not trust Burton.

77.     Sometime shortly thereafter, Owens again returned to the hallway to talk with the correctional officer about his lawsuit. Burton then became verbally abusive to Owens, telling him to return to the dormitory area.

78.     Burton then began pushing Owens' wheelchair back and forth and then threw Owens out of his wheelchair.

79.     As a result of Burton throwing Owens out of his wheelchair, Owens suffered mental and physical injuries.

80.     Burton's conduct constituted excessive and unnecessary force under the circumstances. Burton used force against Owens intentionally, maliciously and sadistically, for the purpose of causing him harm. Burton caused Owens harm without justification and for no penological purpose.

81.     In harming Owens, Burton did so under color of law.

## Count 12
### Section 1983 – 14th Amendment
### (Defendants Walker & Timms)

82.     Owens re-alleges paragraphs 1 through 8 as if fully set forth in this paragraph.

83.     During a strip-search procedure in September 2001, Defendant Correctional Officer Timms indicated to Owens that he would be the last inmate searched.

84.     Owens, because of prior mistreatment by Timms, was afraid that he would be subjected to further abuse or beating and tried to alert a sergeant to help or protect him.

85.     After searching the other inmates, Walker and Timms dragged Owens from his wheelchair and hit him repeatedly in, among other places, his face and head.

86.     As a result of Walker and Timms' beating, Owens suffered severe mental and physical injuries.

87.     Walker and Timms' conduct constituted excessive and unnecessary force under the circumstances.  Walker and Timms – individually or collectively – used force against Owens, or knew of the substantial risk that the other would use force against Owens and was deliberately indifferent to that risk.  The force used on Owens was intentional, malicious, sadistic, and for the purpose of causing him harm. Walker and Timms caused Owens harm without justification and for no penological purpose.

88.     In causing harm to Owens, Walker and Timms did so under color of law.

### Count 13
### Section 1983 –14th Amendment Conspiracy
### (Defendants Walker & Timms)

89.     Owens re-alleges paragraphs 83 through 88 as if fully set forth in this paragraph.

90.     Walker & Timms agreed that either or both of them would use unnecessary and unjustified force against Owens.

91.     As a result of Walker and Timms' conspiracy, Owens suffered severe mental and physical injuries.

92.     Walker and Timms' conduct or the conduct of their co-conspirators constituted excessive and unnecessary force under the circumstances. The force used against Owens in

Doc. No.: 758950

11

furtherance of the conspiracy was intentional, malicious and sadistic, and inflicted for the purpose of causing him harm. Walker and Timms caused Owens harm without justification and for no penological purpose.

93.     In harming Owens, Walker and Timms did so under color of law.

### Prayer for Relief

**WHEREFORE**, Owens respectfully requests that this Court award him actual and punitive damages in an amount to be proved at trial.

_One of the Attorneys for Plaintiff, Tyrone Owens_

James Vogts
Michael R. La Porte
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive
Chicago, Illinois 60606-1229
(312) 201-2000

### CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing Amended Complaint was served upon the following Counsel of Record by mail on December 21, 2001:

Nicholas T. Motherway
Assistant States Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL  60602

Michael R. LaPorte
One of the Attorneys for Plaintiff, Tyrone Owens

Doc. No.: 758950

12